JANVIER, Judge.
Eastern Gentilly Civic Association, organized under the laws of Louisiana, and two hundred and forty-three members and owners of property in what is known as Plum Orchid Subdivision located on Gen-tilly Road, in New Orleans, several miles from the active business or residential center, though in a rapidly developing area, are seeking by mandamus to compel the Sewerage & Water Board of New Orleans to return to each of the said owners an amount which each voluntarily contributed to the Board in an effort to obtain an extension of the sewer lines of the city along streets adjacent to properties of the said owners. The amounts based on the front footage of each property totaled more than $37,000 and each owner alleges that the contribution for his or her property was based on a policy of the Board that, in *789 such cases if it could obtain contributions from a certain percentage of the properties, it would extend the lines in the area.
It is alleged and conceded that each contribution was based on the uniform policy of the Board that, in the case of improved properties, the contribution would be Two Dollars per front foot and in the case of unimproved property, the contributions would be Five Dollars per front foot. It is alleged that the contributions though voluntarily made must be returned for either or both of two reasons: (1) It is charged that the said Board is permitted by law to obtain funds only by four methods specifically provided by law and that the voluntary contribution method is not one of them, and (2) it is alleged that since the contributions were made several property owners have secured refunds of their contributions and that thus there has been an unfair and illegal discrimination against those to whom refunds have been denied.
The respondent Board avers that it has the legal right to accept uniform contributions from property owners in areas into which it could not, for financial reasons, extend its lines and that the contributions, having been voluntarily made, cannot be ordered returned, and the Board avers that, wherever it has made a refund of a contribution, this has resulted from the fact that that particular contribution was made after the line has been extended into the area and that, as a result of a previous decision of this Court, it cannot require a charge or receive a contribution from an owner whose property is adjacent to a line already in existence.
There was judgment dismissing the suit and the relators, the Association, and the property owners have appealed.
The question of whether the Board may receive such contributions where the property owner is in an area which is not served by a line already in existence or in an area which, under the plans of the Board, is not to be served for a considerable time has been considered by us in State ex rel. Holifield v. Sewerage & Water Board of New Orleans, La.App., 108 So.2d 277, wherein we held that it was within the right of the Board to obtain funds in that manner. In that decision we considered all of the contentions which are presented here except that based on the charge of unfair discrimination, and we see no reason to change our views particularly since the Supreme Court of Louisiana and the Supreme Court of the United States each refused to grant a writ of certiorari.
When we come to consider the question of whether the relators are correct in their contention that there has been illegal discrimination and that they have a right to complain if there has been such discrimination, we find that, in every instance in which the refund has been returned, it was returned because it was made after the line had been extended to a point adjacent to the property in question. In State ex rel. Bailey v. Sewerage & Water Board of New Orleans, La.App., 102 So.2d 874, we found a situation in which the Sewerage & Water Board was attempting to force property owners whose property was adjacent to existing sewer lines to pay for the connection between the sewer line and the property line of each owner. We held that the Board could not compel a property owner to pay for such a connection where the line already is in existence. As a result of this decision, the Sewerage & Water Board, on advice of counsel, returned such contributions as had been made after the line had been extended along streets or into areas adjacent to those properties.
Whether the Sewerage & Water Board could have been compelled to return those contributions as a result of the decision in the Bailey case, it is not necessary for us to determine. All of the property owners in the case now before us voluntarily made the contributions and they cannot be heard to complain that others did not do so.
The uniform policy of the Board does not require that every property owner must *790 contribute in order to induce the Board to extend such a line, but it has adopted as its rule that, in such cases if a certain fixed percentage of the total cost is contributed, it will make the extension. As soon as that percentage was contributed it made the extension in this case. It does seem unfair to those who first contributed that they should suffer as compared to those who did not contribute until after the installation and therefore were entitled to the refund, but that is a matter for which they might complain to their neighbors but which does not give them a right to demand the refund of their contributions.
The judgment appealed from is affirmed at the cost of appellants,
Affirmed.